## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dr. Anthony B. Jones, Sr., | ) | C/A No. 0:12-739-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Peggy E. Spivey, *Director*; C. Rufus Hodge, | ) | |
| *Major*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Dr. Anthony B. Jones, Sr. ("Jones"), a self-represented state prisoner, filed this civil rights matter pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for relief from default (ECF No. 26) and Jones's motions for default judgment (ECF Nos. 21 & 29).

Jones filed this matter in March 2012. As Jones was granted leave to proceed *in forma pauperis*, the court issued an order on April 12, 2012 authorizing issuance of process by the Clerk of Court and directing the United States Marshals Service to serve the Summons and Complaint on the defendants. (ECF No. 11); see Fed. R. Civ. P. 4(c)(3); 29 U.S.C. § 1915(d). Review of the docket discloses that the summons for Defendant Spivey was returned executed and shows that Spivey was served on April 26, 2012, and that the summons for Defendant Hodge was returned executed and shows that Hodge was served on May 1, 2012. (ECF No. 15.)

On February 26, 2013, the court issued an order stating that the defendants were in default and directing Jones to file a properly supported motion for default judgment or otherwise indicate how he would like to proceed. (ECF No. 19.) Jones filed a motion for default judgment. (ECF No.

PJG

21.)  Shortly thereafter, the defendants filed a motion seeking relief from default.  (ECF No. 26.)
Jones did not file a response to the defendants' motion.  Recently, Jones filed a second motion for
default judgment.  (ECF No. 29.)

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the court may set aside the
entry of default for good cause.  This rule "must be 'liberally construed in order to provide relief
from the onerous consequences of defaults and default judgments.' "  Lolatchy v. Arthur Murray,
Inc., 816 F.2d 951, 954 (4th Cir. 1987) (quoting Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir.
1969)).  The primary factors to consider when reviewing a motion to set aside default under Rule
55(c) are prejudice to the non-moving party and whether a meritorious defense is presented.  Central
Operating Co. v. Utility Workers of Am., AFL-CIO, 491 F.2d 245 (4th Cir. 1974).   A meritorious
defense is presented where the moving party makes a presentation or proffer of evidence which, if
believed, would permit the court to find for the defaulting party.  United States v. Moradi, 673 F.2d
725 (4th Cir. 1982).  The court may also consider whether or not the moving party acts with
reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the
opposing party, whether there is a history of dilatory action, and the availability of less drastic
sanctions.  Lolatchy, 816 F.2d at 953.

Considering this standard, and after careful review and consideration of the arguments and
evidence submitted, the court finds that the defendants have presented good cause and that the
defendants should be granted relief in this case.  The defendants acted promptly and with reasonable
diligence in seeking to set aside the entry of default immediately upon receiving Jones's motion for
default judgment.  Moreover, there is no indication of any prejudice to Jones in allowing the action
to proceed.  Further, the defendants have offered a potentially meritorious defense and submitted

PJG

evidence detailing the events surrounding their failure to answer or otherwise respond, which resulted from emails informing the Kershaw County Attorney's Office and Kershaw County Assistant Administrator of the lawsuit not being not being transmitted due to improper email addresses.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion for relief from default (ECF No. 26) be granted and that Jones's motions for default judgment (ECF Nos. 21 & 29) be denied. If this recommendation is adopted, the defendants should be directed to file a responsive pleading or motion within fourteen days of the date of the district judge's order.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 31, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).