IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dr. Anthony B. Jones, Sr., | ) | Civil Action No.: 0:12-cv-00739-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Peggy E. Spivey, *Director*; and C. Rufus | ) | |
| Hodge, *Major*; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

     Plaintiff, Dr. Anthony B. Jones, Sr., ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983.[1]

     Plaintiff brought this civil action pursuant to 42 U.S.C. § 1983 on March 14, 2012. Compl., ECF No. 1. Plaintiff also moved for leave to proceed *in forma pauperis* on the same date. Mot. to Proceed *In Forma Pauperis*, ECF No. 2. This matter was referred to United States Magistrate Judge Paige Jones Gossett pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). On April 12, 2012, the Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Order Granting Mot. to Proceed *In Forma Pauperis*, ECF No. 11. Review of the docket shows that the summons for Defendant Spivey was returned executed, and shows that Defendant Spivey was served on April 26, 2012. Summons, ECF No. 15. Moreover, the docket shows that the summons for Defendant Hodge was returned executed, and shows that Hodge was served on May 1, 2012. *Id.*

---

[1] The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

On February 26, 2013, the Magistrate Judge issued an order stating that the Defendants were in default and directing Plaintiff to file a properly supported motion for default judgment or otherwise indicate how he would like to proceed.  Order, ECF No. 19.  Plaintiff filed a Motion for Default Judgment on March 11, 2013.  Mot. for Default J., ECF No. 21.  Shortly thereafter, on March 18, 2013, the Defendants filed a motion seeking relief from default.  Mot. for Relief from Default, ECF No. 26.  Plaintiff did not file a response to the Defendants' motion.  However, Plaintiff filed a second Motion for Default Judgment (styled "Resuscitation of Default Motion") on October 23, 2013.  Mot. for Default J., ECF No. 29.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.  R&R, ECF No. 31.  In the R&R, the Magistrate Judge recommends that the Court grant Defendants' Motion for Relief from Default and deny Plaintiff's Motions for Default Judgment.  Plaintiff timely filed objections to the R&R on November 12, 2013.  Pl.'s Objections, ECF No. 33.

For the following reasons, this Court adopts the Magistrate Judge's recommendation.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the district court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge recommends granting Defendants' Motion for Relief from Default and denying Plaintiff's Motions for Default Judgment. Specifically, the Magistrate Judge notes that Defendants have presented good cause for failing to timely respond to the Complaint. Moreover, the Magistrate Judge reasons that Defendants acted promptly and with reasonable diligence in seeking to set aside the entry of default immediately upon receiving the first Motion for Default Judgment. Finally, the Magistrate Judge also notes that there is no indication that any prejudice would occur to Plaintiff in allowing the action to proceed, that Defendants have offered a potentially meritorious defense, and that Defendants have submitted evidence detailing the events surrounding their failure to answer or otherwise respond. Accordingly, the Magistrate Judge recommends Defendants be granted relief from entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure and that Plaintiff's motions for a default judgment be denied. R&R at 1–3.

In response, Plaintiff filed objections to the R&R. The Court may only consider objections to the R&R that direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*,

727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). Again, "courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Thus, the Court shall conduct a *de novo* review of those objections it deems proper.

Plaintiff's objections fail to identify any error with the Magistrate Judge's proposed findings and recommendations. Plaintiff's only proper objection essentially asserts that the Defendants were not reasonably prompt in responding to the Complaint and that their delay did not constitute "excusable neglect." Pl's Objections at 2-3. Plaintiff asserts that Defendants had previously been served with other lawsuits and should have been were aware of the need to promptly respond when served, and that they should not be afforded "the chance to override or unburden themselves with a situation that they, themselves, have created." *Id.* Finally, Plaintiff asserts that an improperly addressed email forwarding the Complaint to counsel did not relieve them from the obligation of responding. *See* Pl's Objections at 3-4.

Plaintiff's objections appear to be based on the "excusable neglect" standard rather than the "good cause" standard under Rule 55(c) of the Federal Rules of Civil Procedure ("FRCP"). He appears to argue that based on their experience and careers, Defendants should not be granted relief. Here there has only been an entry of default by the Clerk of Court, which is governed by Rule 55(c) of the FRCP. *See* Fed. R. Civ. P. 55(c). The Court may set aside an entry of default "for good cause." *Id.* When determining whether to do so, the Court may consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory

4

action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

As previously noted, Plaintiff only takes issue with the Magistrate Judge's finding that the Defendants acted promptly and with reasonable diligence. The Defendants assert that after being served with the Summons and Complaint, Defendant Peggy Spivey forwarded them on the following day to what she thought was the email address for counsel. Mot. for Relief from Default at 2. Defendants assert that unbeknownst to them, however, the email was improperly addressed. *Id.* Defendants state that they discovered the status of the lawsuit on March 8, 2013, and that they immediately forwarded Plaintiff's Motion for Default Judgment to their counsel upon receiving it on March 11, 2013. *Id.* at 4. Counsel for Defendants filed a Motion for Relief from Default on March 18, 2013, only one week after the Plaintiff filed his initial Motion for Default Judgment. The Fourth Circuit has found setting aside an entry of default to be proper where a greater amount of time passed between counsel's discovery of the existence of the case and the filing of a response. *See, e.g.*, *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (2010) (nine days). Therefore, Court agrees with the Magistrate Judge's recommendation that the response, which was filed within one week of service of the Motion for Default Judgment, was sufficiently prompt.

Accordingly, the Court finds the Magistrate Judge's recommendation to be proper, and Plaintiff's objections, to the extent they are proper, are overruled.

### CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the parties' motions, the R&R, objections to the R&R, and applicable law. For the reasons stated above

5

and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Relief from Default is **GRANTED** and Plaintiff's Motions for Default Judgment are **DENIED**. Defendants are directed to file a responsive pleading within **FOURTEEN DAYS** of the date of this Order.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
November 19, 2013

6