IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dr. Anthony B. Jones, Sr., | ) | C/A No. 0:12-739-BHH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Peggy E. Spivey, *Director*; C. Rufus Hodge, | ) | |
| *Major*, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

The plaintiff, Dr. Anthony B. Jones, Sr. ("Jones"), a self-represented state prisoner, filed this

civil rights matter pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the

defendants' motion for summary judgment. (ECF No. 50.) Pursuant to Roseboro v. Garrison, 528

F.2d 309 (4th Cir. 1975), the court advised Jones of the summary judgment and dismissal procedures

and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF

No. 51.) Jones filed a response in opposition. (ECF No. 54.) Having carefully considered the

parties' submissions and the applicable law, the court concludes that the defendants' motion should

be granted.

## BACKGROUND

Jones alleges that, while a pre-trial detainee housed at Kershaw County Detention Center,

he was denied medical care and medication for his mental illness. He alleges that he told the named

defendants that he needed medication and that he was hearing voices. Jones also generally

complains about the conditions of his confinement and his lock-down status.  Jones seeks monetary

damages.[1]

## DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine

dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing

to particular parts of materials in the record" or by "showing that the materials cited do not establish

the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary

judgment "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving

party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the

---

[1] To the extent that Jones raises additional claims in his response to the defendants' motion, such as a claim that the defendants retaliated against him, Jones has not filed a proper motion to amend his Complaint to include any additional claims.  Accordingly, such claims are not properly before the court.  See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F.Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Defendants' Motion for Summary Judgment**

**1.    Pleading Requirements**

The defendants first argue that Jones's Complaint, with its conclusory allegations and unsupported factual assertions, fails to comply with the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. (Defs.' Mem. Supp. Summ. J., ECF No. 50-1 at 5-6.) Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, the reviewing court need only accept as true the



complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678-79.  To the extent Jones's claims may be liberally construed and identified from the factual allegations in the Complaint, they are addressed below.  However, to the extent that Jones may be attempting to raise any additional claims, the court finds that the defendants' motion should be granted and those claims should be dismissed as too conclusory and insufficient to state a claim upon which relief may be granted.

### 2.    Deliberate Indifference—Medical Treatment

The standard for reviewing medical claims of pre-trial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs.  Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]."  Estelle, 429 U.S. at 105.  A defendant is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a detainee and disregards that substantial risk.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004).  The government is required to provide medical care for incarcerated individuals.  Estelle, 429 U.S. at 102.  However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).  Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983.  See Estelle, 429 U.S. at 106.  Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice.  Jackson v. Fair, 846 F.2d



811, 817 (1st Cir. 1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, a prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. See Nelson, 603 F.3d at 449; see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

Jones alleges that he was denied "proper medical attention," and that he spoke to Defendant Spivey and informed her that he needed psychotropic medicine and told Defendant Hodge that he was hearing voices. Jones does not specify the date on which he spoke to the defendants.

As an initial matter, the named defendants are all non-medical personnel. To establish a claim for denial of medical care against non-medical personnel, a prisoner must show that they failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d at 854. Moreover, because most prison officials are not trained medical personnel, they are

entitled to rely on the opinions, judgment, and expertise of medical personnel concerning the course of treatment which the medical personnel deemed necessary and appropriate for the prisoner. See id.

In support of their motion for summary judgment, the defendants have provided Jones's medical records. Review of the records shows that Jones's mental health was assessed by the Kershaw County Detention Center in November 2011, which noted that Jones experienced hallucinations and prescribed him with Lithium and other medication. (ECF No. 50-4 at 4-5.) In April 2012, the Kershaw medical department noted that Jones was noncompliant with his mental health medications. (ECF No. 50-4 at 3.) Although Jones attaches several inmate grievance forms and staff requests to his response in opposition which he appears to argue show that the defendants failed to provide medical assistance, it is unclear if many of these documents were received or reviewed by the defendants in this matter.[2] Moreover, as the record shows that Jones was provided treatment for his mental health issues, Jones cannot demonstrate that the defendants' alleged failure to respond to his grievances rises to the level of deliberate indifference to a serious risk of harm. As stated above, Jones does not have a claim against the defendants merely because he disagrees with the course of treatment he received. See Jackson, 846 F.2d at 817; Nelson, 603 F.3d at 449; see also

---

[2] To the extent that Jones alleges that the defendants failed to respond to his grievances, his claim fails as prison inmates have no federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated. See, e.g., Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (holding that inmates have no constitutional right to a grievance procedure); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Brown v. Dodson, 863 F. Supp. 284, 285 (W.D. Va. 1994). Moreover, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. See Mann, 855 F.2d at 640. Thus, even if corrections officials fail to apply properly an inmate grievance procedure, such failure is not actionable under § 1983. Ashann-Ra v. Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000).



O'Connor, 426 F.3d at 202; Dulany, 132 F.3d at 1240; Fleming, 423 F. Supp. 2d at 1070.  At most, Jones's claims allege negligence or medical malpractice, which is not actionable under § 1983.  See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  Jones has therefore failed to show that the alleged deprivation was sufficiently serious such that it resulted in the denial of the minimal civilized measure of life's necessities or that the defendants actually knew of a substantial risk to Jones and disregarded that substantial risk.  See Farmer, 511 U.S. at 847.

### 3.    Deliberate Indifference—Conditions of Confinement

Jones also generally alleges that his constitutional rights were violated when he had to sleep on the floor with no mattress, when he did not have water in his cell, and when a detainee spit in his food tray.  Conditions of confinement of pre-trial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520, 535, 537 n.16 (1979); see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).  However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243-44 (1983) and Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992)).   Therefore, the standards applied in Eighth Amendment



conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pre-trial detainees.

"The Constitution does not mandate comfortable prisons;" however, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer, 511 U.S. at 832 (internal quotations and citations omitted). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832. As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. Id. at 847; see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). Further, a plaintiff asserting unconstitutional conditions of confinement must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. See Strickler, 989 F.2d at 1380-81. However, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

PJG

Jones does not allege that either of the defendants were informed about the conditions he complains about.  Moreover, Jones fails to allege or demonstrate that he suffered a serious or significant physical or mental injury as a result of the alleged conditions, or that there was a substantial risk of such serious harm.  See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (stating that only an "extreme deprivation," which is a "serious or significant physical or emotional injury resulting from the challenged conditions," or substantial risk thereof, will satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement).  Accordingly, the defendants are entitled to summary judgment on these claims.

### 4.    Custody Status

Jones appears to generally complain that he was placed on lockdown status due to an altercation with two other detainees and that he is suing for cruel and unusual punishment.  As stated above, the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment's proscription against cruel and unusual punishment, governs cases in which pre-trial detainees allege constitutional violations.  Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir.1987).

A prisoner has no constitutional right to any particular custody or security classification, see Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that prisoners have no constitutionally protected interest in prison classifications or rehabilitative programs), and no constitutional right to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution.  See Olim v. Wakinekona, 461 U.S. 238 (1983); see also Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not



otherwise violative of the Constitution.' ") (alterations in original) (quoting <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983)).  Further, federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control.  <u>See</u> <u>Sandin</u>, 515 U.S. 472, 483-84 (1995) ("federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment"); <u>see</u> <u>also</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558-62 (1974).  While a detainee may not be punished prior to the adjudication of guilt, he may be subjected to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment."  <u>Bell</u>, 441 U.S. at 535-36.  To establish impermissible punishment, "a detainee must show either 1) an 'expressed intent' to punish or 2) a lack of a reasonable relationship 'to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred.' "  <u>Hill v. Nicodemus</u>, 979 F.2d 987, 991 (4th Cir. 1992) (citations omitted).

Jones's conclusory allegations fail to show that his classification status constituted impermissible punishment or implicated a protected liberty interest, and fail to state a claim of constitutional magnitude regarding his security or custody classification.  Therefore, the defendants' motion should be granted with regard to any claim concerning Jones's custody classification.

### 5.    State Law Claims

To the extent that Jones's Complaint is construed to allege state law claims against the defendants, the South Carolina Tort Claims Act ("SCTCA") is the exclusive remedy for individuals suing government employees acting within the scope of their employment.  <u>See</u> S.C. Code Ann. § 15-78-70(a).  Jones has not alleged that the defendants were acting outside the scope of their employment.  The defendants correctly assert that they are entitled to dismissal of these claims.  The SCTCA requires the agency or political subdivision to be substituted when an employee is



individually named, and the agency is entitled to Eleventh Amendment immunity in federal court. See S.C. Code Ann. §§ 15-78-20(e), -70(c).  Accordingly, the court finds that Jones's state law claims against the defendants should be dismissed.

## RECOMMENDATION

For the above reasons, the court recommends that the defendants' motion for summary judgment be granted.  (ECF No. 50.)

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 8, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).