IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dr. Anthony B. Jones, Sr., | ) | Civil Action No.: 0:12-739-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| vs. | ) | |
| | ) | |
| Peggy E. Spivey, *Director*; C. Rufus Hodge, *Major*, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Dr. Anthony B. Jones, Sr. ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South.

On March 3, 2014, Defendants Peggy E. Spivey and C. Rufus Hodge ("Defendants") filed a motion for summary judgment. (ECF No. 50.) Since Plaintiff is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on March 4, 2014, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 51.) Plaintiff filed a response in opposition on March 31, 2014. (ECF No. 54.) On September 8, 2014, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion for summary judgment be granted because, *inter alia*, Plaintiff failed to show that the Defendants were deliberately indifferent to his medical needs or that he suffered a serious physical or mental injury as a result of conditions he complained of. (ECF No. 61.)

The Magistrate Judge makes only a recommendation to this Court. The

recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 61 at 12.) On September 24, 2014, the envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Clerk of Court, marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" with "RTS released" handwritten on the envelope. (ECF No. 64.) Plaintiff was advised by order filed April 12, 2012 (ECF No. 11), of his responsibility to notify the Court in writing if his address changed. Plaintiff was also informed that his case could be dismissed for failing to comply with the Court's order. (ECF No. 11 at 3.)

Plaintiff filed no objections and the time for doing so expired on September 25, 2014. In the absence objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed.R.Civ.P. 72 and advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the Magistrate Judge's findings and recommendations for clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 61) by reference into this order. It is therefore ORDERED that Defendants' motion for summary judgment (ECF No. 50) is GRANTED, and this case dismissed.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

September 25, 2014
Greenville, South Carolina